**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| _____ | ) | |
| MICHAEL GROSSMAN, | ) | |
| *Plaintiff,* | ) | Case No. _____ |
| *v.* | ) | |
| | ) | Civil Rights action under 42 U.S.C. § 1983, |
| HADDON TOWNSHIP BOARD OF | ) | for violations of 1st Amendment Freedom of |
| EDUCATION, | ) | Religion, 14th Amendment Equal Protection |
| HADDON TOWNSHIP SCHOOL | ) | Clause & Due Process |
| DISTRICT, | ) | |
| HADDON TOWNSHIP, | ) | |
| ROBERT J. FISICARO, | ) | |
| *Superintendent of Schools*, | ) | |
| *in personal and official capacities*, | ) | |
| GARY O'BRIEN, | ) | |
| *School Principal,* | ) | |
| *in personal and official capacities,* | ) | |
| *Defendants.* | ) | Jury Trial Demanded |
| _____ | ) | |

**CIVIL ACTION - COMPLAINT**

## I.   Jurisdictional Statement

1.  This is a civil rights action asserting Plaintiff's rights under the United States Constitution

    brought pursuant to 42 U.S.C. § 1983, part of the Civil Rights Act of 1871, also known as the

    Ku Klux Klan Act.

2.  Jurisdiction is proper under 28 U.S.C. § 1331 for a federal question and supplemental

    jurisdiction over state-based claims pursuant to 28 U.S.C. § 1332.

3.  Venue is proper within this District pursuant to 28 U.S.C. § 1391(b), where all facts pleaded

    occurred within this district as they pertain to the acts or omissions of Defendants.

## II.   Parties

4. Plaintiff, Dr. Michael A. Grossman, Ed.D., M.A., B.S., is resident of Voorhees, New Jersey.

5. Defendant HADDON TOWNSHIP is a municipality in the State of New Jersey, County of Camden.

6. Defendant HADDON TOWNSHIP BOARD OF EDUCATION is a municipal agency in Haddon Township, New Jersey.

7. Defendant HADDON TOWNSHIP SCHOOL DISTRICT is a municipal agency and an employer of public high school of teachers located in Haddon Township, New Jersey.

### III. Preliminary Statement

**Section 1983 Claims for Religious & Employment Discrimination**

8. Plaintiff pursues his religious discrimination claims against a public school state actor, under Section 1983 for violations of the Equal Protection Clause of the 14th Amendment based on Defendants' intentional discrimination. Personnel Administrator of Mass. v. Feeney, 442 U.S. 256, 274 (1979); Robinson v. City of Pittsburgh, 120 6 F.3d 1286, 1293 (3d Cir. 1997)

9. Plaintiff's Equal Protection Claims proceed because he was arbitrarily treated differently from other similarly situated employees based on his membership in a protected class, e.g. religious beliefs as a Jewish man who opposes anti-semitism and hate speech in the workplace and in a public school setting.

10. Plaintiff's Equal Protection rights under the Fourteenth Amendment were violated and he suffered religious discrimination when he was terminated and treated differently because of his religious and political beliefs as a Jewish man, and was retaliated against and suffered a hostile work environment when he made objections to hate speech and hate symbols at the workplace.

11. Plaintiff's Section 1983 claim proceeds under the First Amendment's establishment clause and the Fourteenth Amendment for religious and employment discrimination when he was retaliated against and his religious beliefs were suppressed and ultimately his employment was terminated because of his objection to hate speech in a public high school setting being his place of employment, and speaking up for his religious and political views as a Jewish man.  Risk v. Burgettstown Borough, 364 F. App'x 725 (3d Cir. 2010)

12. Plaintiff's Section 1983 claims proceed under the First Amendment's Free Speech clause because Plaintiff suffered retaliation, unfair performance ratings, and ultimately his employment terminated because he spoke out against hate speech and hate symbols and voiced his objection thereto in a public school high school workplace.

13. Defendant  ROBERT J. FISICARO, Superintendent of Schools, a member of Defendant HADDON TOWNSHIP BOARD OF EDUCATION, acted under color of law and outside the scope of employment at all times relevant to the pleadings.

14. Defendant GARY O'BRIEN, School Principal, an employee of Defendant HADDON TOWNSHIP SCHOOL DISTRICT, acted under color of law and outside the scope of employment at all times relevant to the pleadings.

**IV.    Facts**

**a.  Plaintiff's Qualifications in Education**

15. Plaintiff has worked as a public high school science teacher since 1994 without missing a teaching cycle in approximately 30-years.

16. Plaintiff obtained his Bachelor's Degree from Rutgers University in 1987.

17. Plaintiff obtained his Master's in Leadership Administration from Rowan University in 2001.

18. Plaintiff obtained his Doctorate in Education, Leadership and Administration from Capella University in 2017.

19. Plaintiff developed a specialized elective course in earth science as part of his work for Defendant HADDON TOWNSHIP SCHOOL DISTRICT as a public high school teacher.

### b. Plaintiff's Employment with Defendants

20. Plaintiff was hired by Defendant HADDON TOWNSHIP SCHOOL DISTRICT to work as a public high school science teacher on September 1, 2021 teaching grades 9 - 12.

21. Plaintiff's last date of employment was on June 30, 2023 whereupon his employment was terminated pursuant to an alleged poor performance evaluation conducted by Defendant GARY O'BRIEN, as employee and agent of Defendant HADDON TOWNSHIP SCHOOL DISTRICT, and a notice of non-renewal sent by Defendant FISICARO, acting as employee and agent of Defendant HADDON TOWNSHIP BOARD OF EDUCATION.

22. Plaintiff requested an informal hearing and went before Defendant FISICARO and Defendant HADDON TOWNSHIP BOARD OF EDUCATION regarding his dismissal. i.

### c. Plaintiff's Employment with Defendants

23. Plaintiff received on May 3, 2023 a "Letter of Non-Renewal" of employment from Defendant HADDON TOWNSHIP BOARD OF EDUCATION, signed by Defendant FISICARO.

24. Defendant HADDON TOWNSHIP BOARD OF EDUCATION in the Letter of Non-Renewal dated May 3, 2023, stated that:

   a. *"Your teaching contract with the Haddon Township Board of Education will not be renewed for the 2023-2024 school year.*

     b.  *N.J.S.A. 18A:27-3.2 provides that a teacher is entitled to a statement of reasons for nonrenewal:*

     c.  *Any teaching staff member receiving notice that a teaching contract for the succeeding school year will not be offered may, within 15 days thereafter, request in writing a statement of the reasons for such nonemployment which shall be given to the teaching staff member in writing within 30 days after the receipt of such request.*

       *In anticipation of such a request, the reason for your nonrenewal is based on your **<u>inability to meet established performance standards</u>**.*" (emphasis added)

25. Plaintiff requested a *Donaldson Hearing* to have an informal appearance before Defendant HADDON TOWNSHIP BOARD OF EDUCATION pursuant to his rights under the laws of the State of New Jersey. See N.J.S.A. 18A:27-4.1; N.J.A.C. 6A:10-9.1; <u>Donaldson v. North Wildwood Bd. of Ed.</u>, 65 N.J. 236 (1974).

26. On June 12, 2023, Defendant HADDON TOWNSHIP BOARD OF EDUCATION sent a letter to Plaintiff which stated,

     a.  *"The Board of Education of Haddon Township School District has a scheduled Board meeting for June 15, 2023, at 6:30 p.m. in the High School Media Center during which time it will go into closed session to discuss the matters involving personnel. Specifically, the Donaldson Hearing you requested."*

27. On June 14, 2023, Defendant FISICARO stated in an email to Plaintiff expressly that he was not permitted to bring his own personal attorney and representative to the hearing.

28. Defendant FISICARO thereby attempted to violate Plaintiff's rights established under the laws of the State of New Jersey, which clearly establish his right to bring an attorney with

him to his *Donaldson hearing*, pursuant to N.J.A.C. 6A:10-9.1(c), which permits "the

opportunity to convince the board of education members to offer reemployment"

29. According to the New Jersey School Boards Association, Trenton, NJ,

      a.   *"The board must provide adequate written notice to the employee regarding the*

          *date and time of the informal appearance. The employee may be represented by*

          *counsel or one individual of his or her own choosing. The informal appearance*

          *before the board should be conducted in closed session as a personnel matter, in*

          *accordance with N.J.S.A. 10:4-12(b)(8). If the employee requests that the hearing*

          *be conducted in public, and that the employment be discussed in public, the board*

          *must do so."*

30. Plaintiff's rights to secure representation by counsel are well-established under N.J.A.C.

    6A:10-9.1(c)-(h), particularly subsection (f) which provides that "The nontenured teaching

    staff member may be **represented by counsel** or one individual of his or her ***choosing***."

    (emphasis added)

31. Plaintiff attended the Donaldson hearing represented by undersigned counsel.

32. Plaintiff's last date of employment with Defendant HADDON TOWNSHIP SCHOOL

    DISTRICT was June 30, 2023.

    **d.  Plaintiff's 1st Year Positive Performance Evaluations (Sept 2021- June 2022)**

33. Plaintiff received positive feedback and performance evaluations in his first year of

    employment with Defendant HADDON TOWNSHIP SCHOOL DISTRICT.

34. On April 26, 2022, Plaintiff received a summative Performance Evaluation of 3.431 out of 4,

    and was "Recommended for continued employment."

35. According to the *Stronge Method*, Plaintiff's performance was "Effective" because within the range of "2.65 - 3.49", where a score in the "3.5 - 4" range, is deemed "Highly Effective."

36. Plaintiff received positive feedback about his performance from Defendant GARY O'BRIEN for the performance evaluation period September 1, 2021 to June 30, 2022.

37. Plaintiff received this positive rating of "Effective" after one year of employment with Defendant HADDON TOWNSHIP SCHOOL DISTRICT.

38. Defendant GARY O'BRIEN, School Principal for Defendant HADDON TOWNSHIP SCHOOL DISTRICT, was Plaintiff's direct supervisor, at all times relevant to the pleadings.

39. Plaintiff had meetings directly with Defendant GARY O'BRIEN on multiple occasions regarding his performance throughout his first year during the evaluation period and prior to the first summative evaluation.

   **e.  Plaintiff's 2nd Year Negative Performance Evaluations (Sept 2022-June 2023)**

40. On April 20, 2023, Plaintiff received a summative Performance Evaluation of 2.43 out of 4, and was "*Recommended for Dismissal/Non-renewal. (The teacher has failed to make progress on a Corrective Action Plan, or the educator consistently performs below the established standards, or in a manner that is inconsistent with the school's mission and goals.)*"

41. According to the *Stronge Method*, Plaintiff's performance was "Ineffective" because within the range of "1.85 - 2.64", where a score in the "1 - 1.84" range is deemed "Highly Ineffective."

42. Plaintiff received this negative rating and recommendation for dismissal after two years of employment with Defendant HADDON TOWNSHIP SCHOOL DISTRICT.

43. Plaintiff began receiving negative feedback from Defendant GARY O'BRIEN at approximately the same time Plaintiff started documenting and informing the administration of a series of incidents involving a student, "M.M.", who displayed repeated disruptive behavior and instigated a series of harassment and offensive behaviors from other students.

44. M.M. was a senior high school student, approximately seventeen (17) years old in 2022, and began attending Plaintiff's elective earth science course on or around September, 2022.

45. Plaintiff, as M.M. 's teacher, observed ongoing disruptive behaviors engaged in by M.M., including a series of  offenses requiring discipline, formal write-ups and referrals for disciplinary action .

46. For example, Plaintiff observed M.M. engaging in disruptive behavior and creating a hostile learning environment such as not following orders given to all students, distracting and harassing classmates, taking actions that are in violation of school policy such as using a cellphone during class, using offensive and disparaging language, and attempting to video-record lessons on his cellphone. These actions occurred routinely.

47. Plaintiff reported M.M.'s behavior and the resulting negative impact on the classroom and other students to Defendant HADDON TOWNSHIP PUBLIC SCHOOL and to Defendant GARY O'BRIEN, and also contacted M.M.'s parents directly as part of his employment duties and according to teacher protocols.

48. In November, 2022, Defendant GARY O'BRIEN held a meeting with Plaintiff regarding his performance, and hinted at a negative performance evaluation rating but was vague and did not respond to Plaintiff's inquiries about what specifically were the concerns regarding job performance.

49. Plaintiff pointed out the contrast to the process during the first year in which Defendant O'BRIEN provided feedback on multiple occasions.

50. Plaintiff mentioned in that meeting the repeated disruptive behavior exhibited by M.M. in the classroom, and the multiple reported incidents involving M.M., including the contacts made to M.M.'s parents, and inquired whether these issues had directly or indirectly affected Defendant GARY O'BRIEN's opinion or evaluation of Plaintiff's performance.

51. Defendant GARY O'BRIEN refused to provide further information to Plaintiff, saying he "expected everything would be fine" given the Plaintiff's experience and years as an effective educator; but otherwise was lacking in transparency in the evaluation process.

    **f.   Plaintiff's Negative Summative Evaluation & Non-Renewal**

52. Plaintiff did hear anything further about his performance as a public school teacher with Defendant HADDON TOWNSHIP SCHOOL DISTRICT until his final evaluation in April, 2023.

53. Beginning January 2023, Plaintiff continued to document and report issues, which had become increasingly serious and hostile, to the Defendant regarding the disruptive behavior in his clasroom.This included, but was not limited to harassment, obscene and sexually graphic images being drawn on the whiteboards, obscene and disparaging language, hate speech directed at pronouns (She/Her instead of He/Him), anti-gay hate speech, anti-Semitic and prejudicial comments, stalking outside of the classroom door and peering in for long periods of time, clay phallic symbols brought into class, offensive and hostile comments as they relate to the Plantiff's religious beliefs, comments related to Nazis and the Jews, and other offensive behavior of a harassing nature, much of which was instigated by student M.M.

54. The severity of the misbehavior and disruptive nature in the classroom culminated in Plaintiff discovering writings and drawings on defaced writing desks depicting a Nazi party swastika affixed next to the words "*Grossman likes [swastika]*" and on another desk "*I <3 Racism.*"

55. Plaintiff immediately brought the defacing of school property with anti-Semitic writing and a Nazi swastika symbol to the attention of the Defendant HADDON TOWNSHIP SCHOOL DISTRICT, and to Defendant GARY O'BRIEN.

56. In April, 2023, Defendant GARY O'BRIEN informed Plaintiff that his employment was not being renewed due to lapses and issues in performance, giving him a below average rating.

57. Plaintiff informally challenged his low performance rating with Defendant GARY O'BRIEN and offered to rewrite his summative record according to the *Stronge Method.*

58. Defendant GARY O'BRIEN indicated Plaintiff's current summative report largely reflected the prior year's achievements, with no changes, refusing Plaintiff the opportunity to rewrite.

59. Plaintiff protested his poor evaluation given that his score significantly dropped for no readily apparent reason, for instance 1) no relevant feedback was given during the period November 2022 through April 2023 to address any deficiencies in performance or lack of meeting standards for an effective rating or to justify a sudden drop in scores, and 2) the evaluation process and rating seemed questionable and the decision lacked transparency.

60. Plaintiff protested to Defendant GARY O'BRIEN, for instance,that no accounting for the impact caused by the disruptive nature of the classroom that year was taken into account, despite Plaintiff's attempts to maintain a positive learning environment, meet curricula standards for educating the students, discipline students appropriately, and take all necessary steps to address and mitigate the disruptive nature of his class throughout the year.

61. Plaintiff's decreasing performance scores rose in tandem with the increased reporting of disciplinary issues with the students, and specifically the anti-Semitic occurrences, hate speech, hate symbols, and other incidents directed at Plaintiff and his religion as a Jew.

62. Defendant GARY O'BRIEN failed to address any of these issues in Plaintiff's final performance evaluation.

63. Plaintiff, at the end of the meeting with Defendant O'BRIEN, inquired specifically whether it was Plaintiff's complaints about the Nazi party swastika drawings and other anti-Semitic harassment that resulted in his poor performance evaluation, at which point Defendant GARY O'BRIEN appeared angry and upset, and abruptly ended the meeting.

64. Plaintiff also brought the incidents to the attention of the Superintendent of Defendant HADDON TOWNSHIP SCHOOL DISTRICT who indicated he was unaware of the anti-Semitic comments and actions which had occurred.

65. Upon information and belief, Defendant FISICARO was made aware of the underlying reasons for Plaintiff's non-renewal decision, and Defendant HADDON TOWNSHIP BOARD OF EDUCATION members had no knowledge of the anti-Semitism incidents and hate speech and symbols arising within the public school.

66. Defendant HADDON TOWNSHIP BOARD OF EDUCATION is imputed with knowledge of Plaintiff's reporting of anti-Semitisim taking place from January 2023 - June 2023 at Defendant HADDON TOWNSHIP SCHOOL DISTRICT, because both Defendant O'BRIEN and Defendant FISICARO were on notice from Plaintiff's reporting of the issues.

**COUNT 1:** *Section 1983* **- Fourteenth Amendment Equal Protection**

**Malicious Prosecution, First Amendment Retaliation, Equal Protection**

67. Plaintiff incorporates all prior paragraphs and pleadings, ¶¶  1. -66.

68. Defendants HADDON TOWNSHIP SCHOOL DISTRICT acted with intentional and willful discrimination in terminating Plaintiff's employment by non-renewal. Robinson v. City of Pittsburgh, 120 6 F.3d 1286, 1293 (3d Cir. 1997)

69. Defendant HADDON TOWNSHIP BOARD OF EDUCATION acted with intentional and willful discrimination in terminating Plaintiff's employment by non-renewal.

70. Defendant GARY O'BRIEN intentionally ignored Plaintiff's complaints of not only disruptive behaviors in his classroom which directly affected his performance evaluations, but turned a willful blind-eye to the spread of hate speech, use of Nazi party hate symbols, and other harassment directed at Plaintiff as a public high school teacher of the Jewish faith.

71. Defendant FISICARO then adopts the performance under evaluation implemented by Defendant GARY O'BRIEN into his decision to proceed with Plaintiff's non-renewal and termination of employment, with knowledge of Plaintiff's protests and reporting of the predominant element of hate speech and symbols as elements of classroom disruption.

72. The actions, omissions, and intentional discriminatory actions of Defendant FISICARO and O'BRIEN were the significant crux of the final decisions of public high school employer Defendant HADDON TOWNSHIP SCHOOL DISTRICT and Defendant HADDON TOWNSHIP BOARD OF EDUCATION decision to terminate Plaintiff's employment.

73. The failure of Defendants FISICARO and O'BRIEN to acknowledge Plaintiff's protests of hate speech and symbols and other anti-Semitic incidents and behavior as factoring into his low and inaccurate  performance evaluations, served as a tacit adoption of that anti-Semitic, homophobic, harassing and disruptive behavior.

74. Defendant O'BRIEN and FISICARO took the side of the parents of the disruptive student, M.M., and opted to discriminate against public high school teacher Plaintiff.

75. Defendant O'BRIEN and FISICARO inaccurately reported, documented, evaluated, and portrayed Plaintiff as an underperforming teacher, while hiding, ignoring, and/or covering up the underlying reasons for the performance evaluations designed to terminate Plaintiff as a Jewish man, rather than addressing the underlying causes of hate speech and symbols in a public school classroom under jurisdiction of Defendant HADDON TOWNSHIP SCHOOL DISTRICT.

**COUNT 2:** *Section 1983* **- First and Fourteenth Amendment Religious Infringement, Suppression, and Retaliation**

76. Plaintiff incorporates all prior paragraphs and pleadings, ¶¶ 1. - 75.

77. Plaintiff's protests, reporting, and request for inclusion as a mitigating factor in his low performance evaluation was forthcoming due to his protected status as a Jewish man and public high school teacher of the Jewish faith.

78. Plaintiff's actions were motivated by both his political and religious beliefs, and protests against anti-Semitism, and these actions were a motivating factor in this decision of Defendants to terminate his employment, e.g. non-renewal.

79. Defendant GARY O'BRIEN's was on direct notice of Plaintiff's protests to hate speech and hate symbols, and other disruptive and harassing behaviors largely driven by anti-Semitism and directed at Plaintiff for his Jewish faith.

80. Yet, Defendant GARY O'BRIEN not only failed to factor in the anti-Semitism, disruptive behaviors of students, and the hate speech and hate symbols into Plaintiff's performance evaluations, did in fact punish Plaintiff for raising those issues and making them known to him and to the administrations of Defendant HADDON TOWNSHIP SCHOOL DISTRICT.

81. Defendant FISICARO was not only made aware of Plaintiff's challenges and reporting of the disruptive behavior, anti-Semitism, and hate speech and symbols, but similarly adopted Defendant O'BRIEN's position, and convinced the Defendant HADDON TOWNSHIP BOARD OF EDUCATION to follow suit.

82. Defendants O'BRIEN, FISICARO, HADDON TOWNSHIP SCHOOL DISTRICT and HADDON TOWNSHIP BOARD OF EDUCATION, did adopt the position that Plaintiff's contract not be renewed and employment terminated because his religious views as a Jewish man and his objections to anti-Semitism, hate speech, and hate symbols were not protected activities, and instead were factored into his underperformance and low performance ratings.

83. Defendants O'BRIEN, FISICARO, HADDON TOWNSHIP SCHOOL DISTRICT and HADDON TOWNSHIP BOARD OF EDUCATION, decided expressly, tacitly, impliedly, directly, and/or indirectly that Plaintiff's protests to anti-Semitism, hate speech, and hate symbols were not protected activities, and instead significant factors to consider in making a non-renewal and decision to terminate Plaintiff's employment as a public high school teacher.

**CONCLUSION**

84. Plaintiff seeks all available damages available under Section 1983 employment discrimination, including front and back pay, compensatory and punitive damages, as well as attorney's fees available under federal law.

85. Plaintiff pursues a stand-alone Section 1983 claim against Defendants, which is permissible under federal law for violations of constitutionally protected rights. *See, e.g.* Bair v. City of Atlantic City, 100 F. Supp. 2d 262, 266 (D.N.J. 2 2000)

## V.    Relief Sought.

WHEREFORE, Plaintiff requests the following relief:

a). A jury trial pursuant to the Seventh Amendment to the U.S. Constitution;

b). Compensatory damages against Defendants, in excess of $150,000, jointly and severally, in

favor of Plaintiff;

c). If appropriate, punitive damages against Defendants, jointly and severally, in favor of Plaintiff

Date:    06/29/2025                          Respectfully submitted,

*/s/ Lucas T. Nascimento,Esq.*

Lucas T. Nascimento, Attorney at Law
Land Title Building
100 S. Broad St., Ste. 1830
Philadelphia, PA 19110
P: 215-944-4428
C: 609-703-3441
Nascimentolaw@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                                        )
MICHAEL GROSSMAN,                           )
                    *Plaintiff,*                        )        Case No. _____
          *v.*                                              )
                                                        )        <u>Civil Rights</u> action under 42 U.S.C. § 1983,
HADDON TOWNSHIP BOARD OF         )        for violations of 1st Amendment Freedom of
EDUCATION, *et. al.*                           )        Religion, 14th Amendment Equal Protection
                    *Defendants.*                    )
_____)        Jury Trial Demanded


**VERIFICATION**

Pursuant to Fed.R.Civ.P. Rule 11, the undersigned counsel avers, under penalty of perjury, that

the facts and averment contained in the foregoing Verified Complaint are true and correct to the

best of his knowledge, understanding and belief.

Date:      06/29/2025                              ***/s/ Lucas T. Nascimento, Esq.***

Lucas T. Nascimento, Attorney at Law
Land Title Building
100 S. Broad St., Ste. 1830
Philadelphia, PA 19110
P: 215-944-4428
C: 609-703-3441
Nascimentolaw@gmail.com